IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05668-GPG

BONIFACIO CHALMA ROMERO,

Petitioner,

v.

JUAN BALTAZAR, Warden of Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary of DHS, and
DAVID VENTURELLA, Director of ICE,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (Petition) (D. 1) and Additional Request for Relief (Motion) (D. 3).[1] Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] The Court must construe Petitioner's filings liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

The Clerk's Office is ORDERED to effectuate service upon Respondent(s) by providing a copy of the Petition (D. 1) and this Order to the United States Attorney's Office for the District of Colorado (USAO) at the email address the Clerk's Office is using for service. Respondent(s) SHALL then promptly enter their appearance.

Within SEVEN (7) DAYS of receipt of service, Respondent(s) are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. Respondent(s) must substantively address all of Petitioner's arguments, including, if applicable, arguments regarding the conditions of Petitioner's arrest, which statute Petitioner is detained under, the sufficiency of any custody hearings before immigration judges (IJs) that Petitioner received, and the relevance of any pending benefits applications. Petitioner SHALL then have FOURTEEN (14) DAYS in which to file a reply. If Respondent(s) do not file a response to the Petition as ordered,[2] Petitioner SHALL be released from custody no later than TWENTY-FOUR (24) HOURS after the response deadline.

Should Respondent(s) decide to provide Petitioner with a custody hearing before an IJ before the response deadline, the response SHALL state whether Petitioner has been granted bond, and, if Petitioner's request for bond was denied, the reasons for that denial. Respondent(s) shall also include as an attachment any warrant justifying Petitioner's detention at the time Petitioner was detained and a copy of the IJ's written decision. At such a hearing, Respondent(s) shall bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any

---

[2] The Court trusts that Respondents are conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

other person or to the community by clear and convincing evidence). Additionally, Respondent(s) SHALL notify Petitioner and any counsel who has entered an appearance in this action of the date, time, and place of the hearing no less than 24 hours prior to the beginning of the hearing.

It is ORDERED that the Motion (D. 3) is GRANTED as follows:

If at any time Petitioner is released from custody—whether due to lack of response from Respondent(s), an IJ order, or an order from this Court—Respondent(s) are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[3] or from imposing conditions in excess of those already in place prior to Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

It is FURTHER ORDERED that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondent(s) SHALL NOT REMOVE Petitioner from the District of Colorado except pursuant to a final order of removal from the United States. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

[3] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.

DATED November 9, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge